**STATE of Missouri, Respondent,**

v.

**Sallehuddin HASNAN, Appellant.**

**No. WD 43300.**

Missouri Court of Appeals,
Western District.

Feb. 5, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 2, 1991.

T. Jefferson Stephens, Grant City, for appellant.

David A. Baird, Maryville, for respondent.

Before GAITAN, P.J., and TURNAGE and KENNEDY, JJ.

GAITAN, Presiding Judge.

Appellant, Sallehuddin Hasnan, an alien, non-immigrant student, pled guilty to the misdemeanor of passing a bad check in violation of Mo. Rev. Stat. § 570.120 (1986). As a result of this guilty plea, appellant is facing federal deportation proceedings. Mr. Hasnan appeals the refusal of the trial court to grant his motion for relief from the judgment and to set aside his guilty plea. The gist of appellant's argument is that his plea of guilty, made *pro se*, should be rescinded because the trial court did not inform him that deportation proceedings could result from his guilty plea.

There are no factual issues to resolve in this case as both parties agree on the material facts. On January 28, 1986, appellant appeared *pro se* and pled guilty, under § 570.120, to the misdemeanor of passing a bad check in the amount of $10.71. The court suspended imposition of the thirty-day sentence and placed appellant on probation for one year.

In the criminal proceeding above, the trial court did not inform appellant that a plea of guilty could bring about federal deportation hearings. Upon discovering the possibility of deportation proceedings, appellant filed a motion with the circuit court for relief from the judgment and to set aside his guilty plea. The court, after hearing evidence and arguments on the motion, denied appellant's request for relief. Appellant seeks review of this decision.

Appellant also pled guilty to at least one subsequent violation of Mo. Rev. Stat. § 570.120 (1986). This plea was taken under the same circumstances as the plea that is the subject of this appeal. Accordingly, appellant challenges, on identical grounds, the validity of this second guilty plea in a concurrent appeal to this court (WD# 43301). Because the facts and is-

sues presented in each appeal are identical, the court will rely on the legal reasoning stated in the opinion of *State v. Hasnan*, 806 S.W.2d 54 (Mo.App.1991) to dispose of the questions presented in both appeals. As in the companion case, the judgment of the trial court is affirmed.

All concur.